UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                               No. 02-4521

PHILLIP HENRY BARFIELD,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-35-FO)

Submitted: February 14, 2003

Decided: February 28, 2003

Before WIDENER, MICHAEL, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Sue Genrich Berry, BOWEN, BERRY, POWERS AND SLAUGH-
TER, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D.
Whitney, United States Attorney, Anne M. Hayes, Assistant United
States Attorney, Christine Witcover Dean, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Phillip Henry Barfield appeals his conviction and sentence for conspiracy to manufacture methamphetamine and to distribute and possess with intent to distribute 100 kilograms or more of marijuana, 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine, and 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 (2000) (count one); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2000) (count two); distribution of cocaine and methamphetamine in violation of § 841(a)(1) (counts three and four); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (2000) (count seven); and criminal forfeiture in violation of 21 U.S.C. § 853 (2000) (count eight). Finding no error, we affirm.

Following a Federal Rule of Criminal Procedure 11 hearing, the district court accepted Barfield's guilty plea, entered without a plea agreement, on January 22, 2002. On June 17, 2002, Barfield filed a pro se motion to withdraw his guilty plea, which the district court denied. After considering Barfield's objections to the drug quantities attributed to him and the two-level enhancement for obstruction of justice recommended in the presentence investigation report ("PSR"), the district court adopted the findings in the PSR and sentenced Barfield to a term of life imprisonment plus sixty months, to be followed by a five-year term of supervised release.

Barfield contends that his conspiracy conviction under 21 U.S.C. § 846 was improper because no factual basis existed for his plea to this offense. We review for abuse of discretion a district court's determination that a factual basis exists for a guilty plea. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). A reading of the charges in the indictment, along with the defendant's admission of the acts

described, is generally sufficient to provide a factual basis for the plea. *United States v. McFadden*, 238 F.3d 198, 200 (2d Cir. 2001).

Barfield argues that the reading of the indictment was insufficient to provide a factual basis for his guilty plea because the type of conduct and its likely penalty could not be ascertained from the indictment. This argument is without merit. The information in the indictment sufficiently sets out the elements of the offense. The court read the charges from count one of the indictment and explained what the Government would have to prove. Barfield stated that he understood the charges and the minimum and maximum penalties and admitted that he committed the conspiracy offense. Therefore, the district court did not abuse its discretion in finding a sufficient factual basis for Barfield's guilty plea.

Barfield next contends that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.*

We have reviewed the record and conclude that Barfield has not met his burden of demonstrating a fair and just reason for withdrawing his guilty plea. The reasons Barfield provides for withdrawing his guilty plea concern sentencing issues and do not relate to whether his plea was knowing and voluntary or whether he was in fact guilty. Barfield never asserted that he was innocent of the offenses charged in the indictment, but instead, merely denied responsibility for some of the drug quantities attributed to him for sentencing purposes. This is insufficient to call into question the validity of the guilty plea.

Barfield further contends that the district court's determination of the drug quantities attributable to him as relevant conduct was clearly erroneous. The district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). In determining drug quantity, a district court must consider whether the gov-

ernment has established drug quantity by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996).

Barfield argues that the district court relied on statements by witnesses who were not credible because they were drug users and dealers and that some of the information they provided could not be corroborated. However, the credibility of a witness is a matter within the discretion of the fact finder and is generally not subject to appellate review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989); *see generally United States v. Rose*, 12 F.3d 1414, 1425 (7th Cir. 1994). Thus, the district court did not err in its determination of the drug quantity involved.

Finally, Barfield contends that the district court erred in applying a two-level enhancement for obstruction of justice. A two-level sentencing enhancement is allowed when a defendant willfully obstructs or impedes the administration of justice during the investigation, prosecution, or sentencing of an offense. *U. S. Sentencing Guidelines Manual*, § 3C1.1 (2000). The district court's factual findings concerning sentencing factors are reviewed for clear error. *United States v. France*, 164 F.3d 203, 209 (4th Cir. 1998). Its legal determinations are reviewed de novo. *Id.*

The PSR recommended a two-level enhancement for obstruction of justice because Barfield attempted to procure items to escape from custody, sent a threatening letter to a potential witness, and feigned mental illness to prevent prosecution of the charged offenses. Obstruction of justice includes "escaping or attempting to escape from custody before trial or sentencing." USSG § 3C1.1, cmt. n.4.

Barfield maintains that he was not trying to escape but merely trying to get cigarettes and chewing tobacco into the jail. In addition, he claims that he did not write the letter that the PSR described as threatening. Finally, Barfield maintains that he was not feigning mental illness because a prior mental health evaluation conducted in connection with a state charge resulted in a finding of personality disorders similar to personality disorders found by the evaluators during his competency evaluation.

We conclude that the district court did not err in applying a two-level enhancement for obstruction of justice. The Government pre-

sented three taped telephone conversations and four letters from Barfield to a friend made while Barfield was incarcerated that constituted credible evidence that Barfield was attempting to escape from custody. Because the attempted escape provides a sufficient basis for a finding of obstruction of justice, we find it unnecessary to review Barfield's arguments regarding threatening a witness and feigning mental illness.

Accordingly, we affirm Barfield's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*